# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Monica Bush,                                              Case No.  3:12CV2592

       Plaintiff

       v.                                              **ORDER**

Mercy Health Systems Northern Region, et al.,

       Defendant


This is a suit by an employee, Monica Bush, against her employer, Mercy Health Systems Northern Division, which operates plaintiff's place of employment, St. Vincent's Hospital in Toledo, Ohio. (St. V's). Plaintiff amended complaint alleges, *inter alia*, that St. V.'s security guards assaulted her (Count 5), St. V's violated the Labor Relations Management Act (LMRA) (Count 6), 11 U.S.C. § 301 *et seq*., and she is entitled to "any legal or equitable cause of action" (Count 7).

Pending is defendant's motion for partial dismissal of these counts. (Doc. 21). For the reasons that follow, I grant the motion.

### 1. Count 5: Assault

Defendant seeks dismissal on the basis that plaintiff filed her state law cause of action for assault outside the applicable one year statute of limitations. O.R.C. § 2305.111(B). The incident giving rise to this count occurred on May 23, 2011. Plaintiff filed her original complaint on October 16, 2012. In that complaint she named the defendant security guards as John Does.

Plaintiff filed an amended complaint on November 5, 2012. That complaints names specific individuals as well as John Does as the St. V's security guards responsible for the assault.

Plaintiff thus does not deny that her original complaint was outside the statute of limitations. Her opposition to the motion to dismiss on that ground asserts that at the time of filing, she did not know the names of the St. V's personnel involved.

That assertion is off the mark. To bear her burden of showing that the statute of limitations was tolled, she must show – and thus *allege in her complaint* – that, despite the exercise of due diligence, she was unable to learn the identities of the named individuals. *See, e.g., Sharp v. Ohio Civil Rights Commission*, 2005 WL 589889, *3 (Ohio App.) (lack of information needed to trigger cause of action "would not have tolled the statute of limitations because [plaintiff] could have obtained this information through due diligence.")

Plaintiff's complaint does not assert, much present to a degree of plausibility, *see Bell Atlantic v. Twombley*, 550 U.S. 544, 570 (2007), that she acted with due diligence before the statute of limitations ran to find out who the responsible individuals were.

All that to one side, it was not necessary for plaintiff to wait until she learned the identities of her alleged assailants. She simply could – and should – have filed her original complaint within the limitations period against St. V's and its John Doe officers. This is hardly an uncommon approach in other cases involving alleged assaults by unknown individuals – such as police officers who violate a citizen's civil rights.

Alternatively, plaintiff claims that proceedings relating to her grievance against the officers tolled the statute of limitations. That is a novel suggestion, which, as defendant points out, plaintiff entirely fails to support with any citation of pertinent authority. Defendant is entitled to dismissal of Count 5.

## 2. LMRA: Count 6

Defendant contends that this court does not have jurisdiction to entertain plaintiff's claim that it breached the LMRA because the plaintiff failed to exhaust her remedies under the

collective bargaining agreement. Plaintiff does not deny that this is so. Instead, she argues that exhaustion is not necessary. But it is. *See, e.g., Winston v. Gen'l Delivery Drivers, Wharehousemen & Helpers Local Union No. 89*, 93 F.3d 251, 255 (6th Cir. 1966).

Plaintiff cannot simply elect to bypass established grievance procedures in whole or part, whether on the basis, as here, of putative futility, or otherwise, and sue her employer for an alleged violation of the collective bargaining agreement.

Defendant is entitled to dismissal of Count 6.

### 3. Count VII: Other Relief

By its own terms ('Plaintiff states that she asserts any legal or equitable cause of action for which she is entitled to relief, as based upon the facts as stated herein or may be discovered later.") Count 7 fails to state a cognizable cause of action. If, as she seeks to preserve the ability to do, she can seek leave to amend to state additional causes of action if grounds to do so arise later in the litigation.

### Conclusion

For the forgoing reasons, it is hereby

ORDERED THAT defendant's motion for partial dismissal (Doc. 21) be, and the same hereby is granted.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge